UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LYNN MARSHALL,

                Plaintiff,

    -vs-                                    DECISION AND ORDER

NANCY A. BERRYHILL, *Acting Commissioner*        17-CV-6307-CJS
*of Social Security*,

                Defendant.

_____

**APPEARANCES**

For Plaintiff:                        Mark M. McDonald, Esq.
                                    Bond and McDonald
                                    91 Genesee Street
                                    Geneva, NY 14456
                                    (315) 789-8480

For the Commissioner:          David Brent Myers, Esq.
                                    Social Security Administration
                                    Office of General Counsel
                                    26 Federal Plaza, Room 3904
                                    New York, NY 10278
                                    (212) 264-0981

                                    Dennis J. Canning, Esq.
                                    Scott C. Keller, Esq.
                                    Office of the General Counsel
                                    Social Security Administration
                                    601 E. 12th Street
                                    Room 965
                                    Kansas City, MO 64106
                                    (816) 936-5830

                                    Kathryn L. Smith, A.U.S.A.
                                    U.S. Attorney's Office
                                    100 State Street
                                    Rochester, NY 14614
                                    (585) 263-6760

# INTRODUCTION

**Siragusa, J.** Lynn Marshall ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Both the Commissioner and Plaintiff have filed motions for judgment on the pleadings. Pl.'s Mot., Feb. 26, 2018, ECF No. 11; Comm'r's Mot., Apr. 16, 2018, ECF No. 14. For the reasons stated below, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is granted, and the Commissioner's cross-motion for judgment on the pleadings, ECF No. 14, is denied. The Court remands this matter to the Commissioner for a new hearing.

# BACKGROUND

Plaintiff filed her application on May 22, 2013, for disability insurance benefits alleging a disability beginning January 30, 2006 (subsequently amended to March 30, 2007). R.[1] 13. Plaintiff's last insured date was December 31, 2011. R. 15.

The Commissioner denied her claim initially on August 14, 2013, and at her request, Plaintiff appeared before an Administrative Law Judge ("ALJ") in Rochester, New York, on April 8, 2015. A vocational expert also testified. Hallie McDonald, a non-attorney, represented Plaintiff.

The ALJ issued a thirteen-page decision dated September 21, 2015, finding that Plaintiff was capable of light work and was, therefore, not disabled. R. 25. The Appeals Council denied Plaintiff's appeal on March 24, 2017, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed suit on May 16, 2017, ECF No. 1, and the Court heard oral argument on November 8, 2018.

---

[1] R. refers to the certified record of proceedings filed on February 5, 2018, ECF No. 8.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). The section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

When determining whether substantial evidence supports the Commissioner's findings, the Court's task is "to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: determining whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green—Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

Under Rule 12(c), the Court may grant judgment on the pleadings where the material facts are undisputed and where judgment on the merits is possible merely by considering the

contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988).

## ANALYSIS

Plaintiff contends that the ALJ erred when she rejected the opinions of the treating sources and improperly assessed Plaintiff's credibility. Pl.'s Mem. of Law 14, 23, Feb. 26, 2018, ECF No. 11-2.[2] The Commissioner has a treating physician rule that reads as follows:

> Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 416.927 (2017).

After reviewing the medical evidence and testimony, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work. R. 23. Specifically, the ALJ wrote: "She would be capable of performing a reduced range of light work, with additional postural and environmental limitations to account for her back pain, asthma, and hypertension, and mental nonexertional limitations to account for her cognitive difficulties, depression, and anxiety." R. 24. In reaching that conclusion, the ALJ essentially rejected, or

---

[2] Plaintiff's memoranda do not comply with the Court's Administrative Procedures Guide for Electronic Filing (March 2018), 2(A)(v) (documents created with a word processor must be text searchable). The Court advises counsel to read the requirement and the appendix. The Guide is available at http://www.nywd.uscourts.gov/rules-individual-local-federal.

at least gave little weight to, the opinions of Plaintiff's treating medical sources: (1) Kelly Lisciandro, M.D., her primary care physician; (2) Jennifer Fleeman, Psy.D., her neuropsychological counselor; (3) Patricia Nelson-Stuck, LMSW,[3] treating therapist; (4) Ronald Biviano, M.D., a psychiatrist; and (5) Benjamin Caruso, D.C., a chiropractor. By failing to give controlling, or even substantial, weight to any of the treating physicians, the ALJ's RFC determination is not based on a medical opinion. An RFC determination made without the benefit of a medical opinion is insufficient to support the finding with substantial evidence. Instead, it demonstrates that the ALJ has substituted her own non-expert medical opinion for that of a physician. *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error."); *accord Cutre v. Berryhill*, No. 17-CV-135-FPG, 2018 WL 3968385, at *3 (W.D.N.Y. Aug. 20, 2018); *Legall v. Colvin*, No. 13 CV 1426(VB), 2014 WL 4494753 (S.D.N.Y. Sept. 10, 2014).

As an example, the ALJ did not discuss the individual therapy note of August 19, 2011, which took place within the insured period. In that note, Patricia Nelson-Stuck, LMSW, made the following observations:

> MSE: Orientation: x4 Mood: depressed; anxious Affect: congruent with mood Thought Process: circumstantial Memory: fair to poor Hallucinations: none reported Attention: poor Concentration: poor Judgment: fair Insight: limited Impulse Control: fair Appearance: neat and appropriate Interpersonal: pleasant and cooperative Motor Activity: wnl Speech: pressured; slightly tangential, otherwise wnl Appetite*: good Sleep*: fair- improved with Trazadone (has sleep apnea - cpap broken and cannot afford to fix it) Energy Level*: low Lethality: reports no si/hi intent or plan - see Lethality Assessment - assessed low risk

---

[3] Licensed Master Social Worker. *See* New York State Education Department, Office of the Professions, LMSW License Requirements *available at* http://www.op.nysed.gov/prof/sw/lmsw.htm (last accessed Nov. 6, 2018).

today[.]

R. 731. The ALJ also discounted two medical source statements from Plaintiff's treating social worker and nurse practitioner in psychology. R. 22, 461, 662. Because those statements were not from acceptable medical sources, the ALJ was not required to give them controlling weight. However, the ALJ cited to no contradictory medical opinions in discounting the two assessments when she wrote:

> The medical record and the claimant's acknowledged activities support the conclusion that she would still be able to perform some simple tasks with limitations on interacting with others in a low stress environment, without pacing demands. The evidence does not support the opinion that she would be unable to perform any work activity at all, especially considering all of the claimant's activities of daily living.

R. 22. The ALJ did not specify what portions of the medical record contradicted the two rejected medical source statements. Instead, she appears to rely primarily on Plaintiff's activities.

The Commissioner responds to Plaintiff's argument that an RFC finding must be based on a medical opinion is wrong: "At the outset, Plaintiff's argument fails because an ALJ is not required to base his RFC finding on a medical opinion. Rather, as the Second Circuit has recognized—and as agency regulation requires—an ALJ should assess a claimant's RFC based on all the relevant evidence in the case record, not just medical opinions." Comm'r Mem. of Law 21, Apr. 16, 2018, ECF No. 14-1. The Commissioner cites to *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2015) (summary order). The Court agrees that the RFC is based on more than just a medical opinion; however, in *Astrue*, and the case it cited, the ALJ had medical opinions on which to base his RFC determination. Here, in contrast, by substantially discounting, or rejecting, the medical opinions of Plaintiff's treating medical sources, the ALJ had to base her RFC determination solely on non-medical opinion evidence. As the Court noted in Goble v.

Colvin, No. 15-CV-6302 CJS, 2016 WL 3179901, at *6 n.10 (W.D.N.Y. June 8, 2016): "While the RFC may not need to 'specifically reflect *one* doctor's opinion,' the Court believes that the RFC must reflect *some* doctor's opinion, *i.e.*, it must be based upon competent medical opinion, which, as we will see, this RFC is not." The ALJ concluded, *inter alia*, that Plaintiff could work a normal eight-hour day but that "[s]he requires up to three short, unscheduled less than 5-minute breaks in addition to the regularly scheduled breaks." R. 17.

The Commissioner's ruling requires that to properly assess a claimant's RFC, the ALJ "must 'first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis.... Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, [etc.].'" *Hilsdorf*, 724 F. Supp. 2d at 348–49 (quoting *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P at *7 (S.S.A. July 2, 1996)). The Ruling goes on to state that the ALJ must assess a claimant's "ability to perform these functions in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Id.*; *accord Yates v. Comm'r of Soc. Sec.*, No. 5:06-CV-1406 (FJS), 2011 WL 705160, *6 (N.D.N.Y. Feb. 22, 2011). Although the ALJ relied on Plaintiff's testimony and that of lay persons regarding her activities of daily living, that evidence is insufficient to support the finding of "light work." *Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015) ("Consideration of such lay testimony is not a substitute for proper consideration of a treating physician's medical opinion."). Plaintiff's memorandum, ECF No. 11-2, at 20–21, provides reasons why the ALJ's assessment of Plaintiff's activities is an insufficient basis to support the RFC determination. The non-medical evidence the ALJ relied on shows only that Plaintiff is capable of functioning in a non-work setting with low stress, and

significant support. Therefore, the ALJ's RFC determination does not have substantial support in the Record, and her decision must be reversed. Because of the Court's conclusion, it need not decide Plaintiff's contention that the ALJ improperly assessed Plaintiff's credibility.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings, ECF No. 11, and denies the Commissioner's cross-motion for judgment on the pleadings, ECF No. 14. The ALJ's decision is reversed, and the matter is remanded to the Commissioner for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED: November 30, 2018
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge